Phanor J. Eder v. Commissioner. Violet L. Eder v. Commissioner. James P. Eder v. Commissioner.
Eder v. Commissioner
Docket Nos. 106016, 106017, 106018.
United States Tax Court
1944 Tax Ct. Memo LEXIS 252; 3 T.C.M. (CCH) 460; T.C.M. (RIA) 44156; May 16, 1944
*252 Edgar J. Goodrich, Esq., 716 Investment Bldg., Washington, D.C., and John A. Gage, Esq., for the petitioners. S. A. Dahlquist, Esq., for the respondent. LEECH Memorandum Opinion LEECH, Judge: Respondent determined income tax deficiencies for the year 1938 as follows: Docket
Petitioner
No.
Amount
Phanor J. Eder
106016
$2,168.82
Violet L. Eder
106017
2,708.80
James P. Eder
106018
2,326.72 The legal basis for these deficiencies was that the taxpayers, residents of the United States, were taxable upon their respective shares of the Undistributed Supplement P net income of the Colombian Investment Company of South America, a foreign personal holding company, in which they were interested, despite the fact that the exchange control laws of South America, in which the company was located, restricted the transfer of funds abroad. Revenue Act of 1938, section 337. In measuring the value in American dollars of the Supplement P net income of the Colombian Investment Company, upon which the contested tax was imposed, respondent determined that the undistributed pesos that constituted that net income had a value in United States dollars of $62,542.54. He did this by using *253 the exchange rate of 57.06 per peso which was the exchange rate for "free" pesos. In a proceeding before this Court, reported in , we sustained the deficiencies. Upon appeal by the taxpayers to the Second Circuit Court of Appeals, that court, in an opinion reported at , affirmed the holding of this Court that the restriction against transferring the company funds abroad, imposed under the exchange control laws of Colombia, did not bar the tax under section 337 of the Revenue Act of 1938. The Circuit Cocrt, however, reversed this Court in adopting, as the respondent did, as the measure of the value of "blocked" pesos in American dollars, the current rate of exchange for "free" pesos. The Circuit Court then said: There is nothing in the record to show how economic satisfaction in Colombia can be measured in American dollars. Perhaps it can be measured on the basis of the respective price indices in the United States and Colombia, restricting the commodities included in the indices to those which would readily be purchased in Colombia in the taxable year; perhaps there are other available legitimate *254 bases. Absent any showing that there are no such bases, it might perhaps be said that the taxpayers must lose this appeal because they did not discharge their burden of proof. In the circumstances, we consider that such a ruling would be too severe. We therefore remand the case to the Tax Court for further consideration of the appropriate measure of valuation, with leave, of course, to any of the parties to introduce further evidence bearing on that particular subject. Pursuant to that remand, an additional hearing was had at which the petitioner introduced competent evidence, inter alia, of the variable between the prices at which the same or similar foods and other commodities commonly used by citizens of this country living in Colombia sold in the United States and Colombia throughout the year 1938. In addition thereto, petitioner introduced the qualified and competent testimony of an officer of a large bank in New York who had more than 15 years' experience involving the appraisal of the value in American dollars of units of foreign moneys, including that of Colombia, subject to exchange control restrictions identical with or similar to those effective in this case. He testified *255 that throughout 1938, in his opinion "blocked" Colombian pesos were each worth 28.53 cents in American money. The respondent offered no testimony. Upon this record, we find that the "blocked" pesos constituing the Undistributed Supple ment P net income of Colombian Investment Company, in which the taxpayers were shareholders and upon which the contested tax was here imposed, were each worth 28.53 cents in American money. The deficiencies will be recomputed in accordance with that finding. Decisions will be entered under Rule 50.